UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RONALD A. NIMKOFF,

                          Plaintiff(s),           **ORDER**
                                                 CV08-2856 (ADS)(WDW)

        -against-

ERIC J. DOLLHAUSEN, et al.,

                          Defendant(s).
----------------------------------------------------------------X

**WALL, Magistrate Judge:**

     Before the court is the plaintiff's motion to stay the deposition of non-party Robin Koscheka, scheduled for July 10, 2009, and for other relief. DE[27]. The defendants, who noticed Ms. Koscheka's deposition, oppose the motion. DE[28]. The motion is denied and the deposition is ordered to go forward. Upon receipt, the defendants shall notify Ms. Koscheka of this order as expeditiously as possible, by email or telephone or fax if they know how to reach her by those means, and shall serve a hard copy of it on her when she appears tomorrow for her deposition. The court also declines to stay the other depositions.

     On July 8, 2009, the court received a phone call from the parties during the deposition of defendant Eric Dollhausen. After hearing a summary of the issues from my law clerk, I informed the parties, through my clerk, that the Dollhausen deposition should be suspended and that the defendants should make their proposed Rule 30 motion and that future depositions would need to be videotaped, with the parties sharing the costs. On July 9, the plaintiff made the instant motion, asking to stay both Ms. Koscheka's deposition and the depositions of the other defendants noticed by the plaintiff. Mr. Nimkoff, a lawyer acting on his own behalf in this action along with Jenni Spiritis, a lawyer associated with his firm, argue that they must be allowed to complete Dollhausen's deposition before doing any other depositions both because they are

entitled to conduct the depositions in the order in which they noticed them and because the defendants will otherwise gain an unfair advantage allowing Dollhausen to tailor his testimony based on the other defendants' testimony. The court does not agree.

There is no automatic priority of depositions in federal practice, and the depositions are conducted pursuant to the notices issued by the parties. Those notices do not, however, guarantee a particular order, and there is no reason to think that changing the order of the defendants' depositions will give them an unfair advantage. Moreover, as the defendants note in their opposition, they have agreed to produce the party witnesses in accordance with the schedule agreed upon by the plaintiff. If he wishes to adjourn those depositions, he may consult with the defendants about doing so, but the court will not stay them.

The plaintiff has offered no compelling reason at all why the deposition of Ms. Koscheka, a non-party, should be stayed. Thus, it will go forward as planned on July 10, 2009. The court advises the parties that, pursuant to Local Rule 30.4, Mr. Nimkoff may attend Koscheka's deposition as a party, but may not, in that capacity, speak to the witness. Or, he may attend as an attorney, in which case, he may question the witness **after** the defendants, who noticed her deposition, have done so. He may not interrupt their questioning. In that regard, the court directs that the issue of whether there is or was any attorney-client relationship between Ms. Koscheka and Mr. Nimkoff and, if so, whether Ms. Koscheka waives any privilege, must be addressed at the start of the deposition to prevent unnecessary objections as the deposition progresses. The

court notes that any privilege is, of course, Ms. Koscheka's to waive, and not Mr. Nimkoff's.

Dated: Central Islip, New York
      July 9, 2009

**SO ORDERED:**

 /s/ William D. Wall          
WILLIAM D. WALL
United States Magistrate Judge