```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RONALD A. NIMKOFF,
                                  Plaintiff(s),            ORDER
                                                           CV08-2856 (ADS)(WDW)
         -against-

ERIC J. DOLLHAUSEN, et al.,
                                  Defendant(s).
----------------------------------------------------------------X
```

**WALL, Magistrate Judge:**

Before the court is a motion by non-party Kathleen Rice seeking to quash a subpoena served on her by the plaintiff. DE[29]. The subpoena directs the District Attorney of Nassau County to appear for a deposition and to produce documents set forth in Schedule A to the subpoena. The plaintiff opposes the motion. DE[37]. For the reasons set forth herein, the motion is granted in part and denied in part. Ms. Rice need not appear for a deposition, but the DA, who has taken the position that her office is not in possession of any documents relating to the plaintiff beyond those already given to the defendants and produced or withheld by them, must issue a response stating that position.

The Deposition:

A party seeking to depose a high ranking government official must establish that "(1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source, and (2) the deposition would not significantly interfere with the ability of the official to perform his governmental duties." *Pisani v. Westchester County Health Care Corp.,* 2007 U.S. Dist. LEXIS 3202, *6 (S.D.N.Y. Jan. 16, 2007). District Attorney Rice argues that she, as a high ranking government official with no personal knowledge of the underlying events, should not be required to respond because the plaintiffs have not established either of those

factors.

The plaintiff argues that, "in serving the Subpoena for a deposition on the "District Attorney of Nassau County,'" he sought to compel the District Attorney to produce for a deposition the person from her office with knowledge of the facts concerning Nimkoff's arrest and the subsequent decision not to prosecute him. DE[37] at 2. The plaintiff further states that he has determined that the person in the District Attorney's office who would be most knowledgeable as to the relevant events is ADA Catherine Henry, and that a subpoena will be served on her "forthwith." *Id.* The court agrees with Ms. Rice that there is no basis for ordering her deposition, and the motion is granted in that regard. The potential deposition of Ms. Henry is not before the court.

The Documents:

As to the documents demanded in the subpoena, Ms. Rice argues that the plaintiff has already requested DA files in its discovery demands to the defendants, and that the subpoena seeking the same documents from the DA's office was issued to harass, annoy and cause undue burden. DE[29] at 2. She states that the defendants responded to the plaintiff's demands with the production of some documents, and a privilege log as to others, and that the DA's office has no further responsive documents. *Id.* The plaintiff argues that his document demands to the defendants do not preclude a request to the DA, and that he has received no documents relating to the decision not to prosecute him, which, he contends, supports his belief that the defendants are not in possession of the entire universe of relevant documents from the DA. DE[37] at 2.

The plaintiff's document demands to the defendants sought, *inter alia*: (1) documents concerning criminal charges filed against Mr. Nimkoff; (2) documents concerning *The People of the State of New York v. Ronald A. Nimkoff;* and (3) all documents provided to or received from

the Nassau County District Attorney concerning Mr. Nimkoff. *See* DE[37] at 2, n.2. The court finds no reason to think that the subpoena was intended merely to harass. But, as noted earlier, Ms. Rice maintains, in her attorney's letter, that the DA's office has no further responsive documents beyond those already produced or withheld by the defendants. The plaintiff notes his "grave doubts as to the veracity of that representation," and submits that the DA should state as much "through a proper response to the Subpoena and should be subject to an oral examination testing the veracity of its representations." DE[37] at 2. He further submits that the DA should provide an index of the documents it provided to the defendants, so that the plaintiff can determine what the defendants have produced and what they have withheld. *Id.*

The court finds that, while it has no reason to disbelieve Ms. Rice's claim that her office has no documents beyond those given over to the defendants, that claim is not a basis for quashing the document aspect of the subpoena. Instead, the DA's office should issue an appropriate response stating as much to the plaintiff. The court will not order the DA to issue a list of the documents it provided to the defendants, nor will it order a deposition on that subject. It should be clear from the face of the produced documents where they came from. If it is not clear, the plaintiff can follow up with interrogatories to the defendants or questions at depositions. As to any documents from the DA withheld from production, the court has reviewed the defendants' privilege log[1] and finds it to satisfy the requirements of the Federal Rules. Of course, the court assumes that all relevant documents will have either been produced or listed on the privilege log, including all documents received from the DA.

---

[1]As to the privilege log, the plaintiff provided only three pages of what is apparently a four page document. *See* DE[37-2], Ex. D. Also, it is unclear whether there is more than one privilege log. In a separate motion by the plaintiff, he refers to the defendants' "first privilege log," thus suggesting that there may be another. *See* DE[35] at 2. In any event, the court is able to issue this order on the record now before it.

Dated: Central Islip, New York          **SO ORDERED:**
       July 9, 2009

                                         /s/ William D. Wall
                                        WILLIAM D. WALL
                                        United States Magistrate Judge