UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RONALD A. NIMKOFF,

                        Plaintiff(s),          **ORDER**
                                                                              CV 08-2856(ADS)(WDW)

       -against-

ERIC J. DOLLHAUSEN, et. al.,

                        Defendant(s).
-------------------------------------------------------------------X

**WALL, Magistrate Judge:**

Before the court are two motions by the plaintiff seeking the continuation of the depositions of non-parties Robin and Brooke Koscheka. DE[52] and [53]. The motions are denied.

The details that the plaintiff seeks about the apartment in Ms. Koscheka's house are irrelevant to this lawsuit and harassing and Robin Koscheka need not appear for further questioning.

As to Brooke Koscheka, I have viewed the extremely unpleasant videotape of that deposition, submitted in connection with another motion by the plaintiff, and I find the behavior of Mr. Nimkoff as the questioner at Brooke's deposition to have been so bullying as to justify her departure. Federal Rule 30(d)(2) provides that appropriate sanctions may be imposed on "a person who impedes, delays or frustrates the fair examination of the deponent." Rule 30(d)(3) provides that, at any time during a deposition, the deponent may move to terminate or limit it on the ground that it is being conducted "in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Here, the deponent, Brooke Koscheka, was a 20 or 21 year old non-party college student unrepresented by counsel. Although she did not make an express motion to the court, I deem her comments and reaction to Nimkoff's

questioning to have been, in effect, a motion to terminate the deposition, and I grant that motion. Given the intimidating nature of the questioning, the sanction that I impose is the forfeiture of the plaintiff's right to continue the deposition.

This result may well have been avoided if Nimkoff had allowed another attorney to conduct the deposition. As the United States Supreme Court has noted, the adage that "'a lawyer who represents himself has a fool for a client' is the product of years of experience by seasoned litigators." *Kay v. Ehler,* 499 U.S. 432, 438 (1991)(upholding denial of attorneys fees in civil rights action where lawyer represented himself pro se). The Court pointed out that "even a skilled lawyer who represents himself is at a disadvantage in contested litigation," and he is "deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom." *Id.* Here, emotion, and not reason, has been the governing principle and the plaintiff must bear the consequences of his decision.

Copies of this order will be sent to the two non-parties by the court.

Dated: Central Islip, New York  **SO ORDERED:**
October 14, 2009

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge