| | | |
|---|---|---|
| **EDWARD P. MANGANO**<br>County Executive |  | **JOHN CIAMPOLI**<br>County Attorney<br><br>**RALPH J. REISSMAN**<br>Deputy County Attorney |

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
One West Street
Mineola, New York 11501-4820
Tel. (516) 571-3046  Fax (516) 571-6604

October 23, 2012

<u>Via ECF</u>
Hon. Arthur D. Spatt
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:  <u>Nimkoff v. Dollhausen, et al.  08-CV-2856 (ADS)(WDW)</u>

Dear Judge Spatt:

This office represents defendants in the above-referenced matter. I write in response to the letter of plaintiff, Ronald Nimkoff, Esq. dated October 19, 2012, regarding settlement of this case.

On January 3, 2011, I sent Mr. Nimkoff a revised Settlement Agreement and Release, together with a Stipulation and Order of Dismissal. A copy of these documents is annexed hereto as Exhibit "A." Since that time, Mr. Nimkoff has *never* contacted me, either by telephone or in writing, to indicate his acceptance of the Settlement Agreement. I was therefore quite surprised to see Mr. Nimkoff writing to the Court nearly one year later, on October 19, 2012, stating that it is the County who has delayed effectuating the settlement. If Mr. Nimkoff were so intent on obtaining his settlement of $25,000.00, he should have either signed the Settlement Agreement back in January 2011, or at least called me to discuss the matter, without contacting the Court. I see no reason for the parties to involve the Court at this time, since all Mr. Nimkoff has to do is telephone me to finalize the Settlement Agreement.

I thank Your Honor for your attention in this matter.

Respectfully submitted,

RALPH J. REISSMAN
Deputy County Attorney

cc:  Ronald Nimkoff, Esq. (via ECF)

# EXHIBIT A

| | | |
|---|---|---|
| **EDWARD P. MANGANO**<br>County Executive |  | **JOHN CIAMPOLI**<br>Nassau County Attorney |

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
Ralph G. Caso Executive and Legislative Building
One West Street
Mineola, New York 11501-4820
516-571-3046

January 3, 2011

<u>Via e-Mail Only</u>
Ronald Nimkoff, Esq.
Nimkoff Rosenfeld & Schechter, LLP
One Pennsylvania Plaza
Suite 2424
New York, NY 10119

        Re: <u>Nimkoff v. Dollhausen, et al. 08 CV 2856 (ADS)(WDW)</u>

Dear Mr. Nimkoff:

    In response to your letter of even date, I have revised the Settlement Agreement and Release in paragraph "4" to add the following language: "arising out plaintiff's arrest on July 18, 2007 and all other allegations asserted in the Complaint[.]" I have conferred with my supervisors, and other than the aforementioned revision, no further changes are acceptable to the County. Please sign the attached revised document and send it to me at your earliest convenience, so that I may forward it the Comptroller to issue payment to you.

                                          Very truly yours,

                                          /s/ Ralph J. Reissman
                                          RALPH J. REISSMAN
                                          Deputy County Attorney

Encl.

## SETTLEMENT AGREEMENT AND RELEASE

SETTLEMENT AGREEMENT AND RELEASE dated as of December 7, 2010 by and between Ronald A. Nimkoff ("plaintiff"), on the one hand, Police Officer Eric J. Dollhausen, Police Officer Dominick P. Orefice and the County of Nassau (hereinafter referred to as "Defendants") on the other hand.

WHEREAS, plaintiff has asserted claims against Defendants in an action bearing docket number 08-CV-02856 (ADS)(WDW), filed in the United States District Court for the Eastern District of New York (the "Action"); and

WHEREAS, the parties each desire to resolve the Action now without the expense of further litigation.

NOW, THEREFORE, in consideration of the mutual promises contained herein, the parties agree as follows:

1. The Action is dismissed with prejudice, including any and all claims that were or could have been asserted by plaintiff arising from the acts and occurrences asserted in the Action. Simultaneous with the execution of this Settlement Agreement and Release, plaintiff, through his counsel, Ronald A. Nimkoff, Esq., of the firm of Nimkoff Rosenfeld & Schechter, LLP, and counsel for Defendants, respectively, shall execute a Stipulation and Order of Dismissal in the form attached hereto as Exhibit "A."

2. Plaintiff shall be paid the sum of Twenty Five Thousand Dollars ($25,000.00) (the "Payment") to be made payable to "Nimkoff Rosenfeld & Schechter, LLP as attorneys" and sent by regular mail via the United States Postal Service to Nimkoff Rosenfeld & Schechter, LLP, One Pennsylvania Plaza, Suite 2424, New York, New York 10119. Counsel for Defendants shall file the fully executed Stipulation and

1

Order of Dismissal referred to in paragraph "1" with the Court upon issuance of the Payment.

    3.    Plaintiff agrees to hold Defendants harmless against any all liens which may be asserted by any agency, entity, person, or municipality.

    4.    In exchange for the Payment and other valuable consideration set forth in this Settlement Agreement and Release, Plaintiff, for himself, her heirs, executors, administrators, successors, agents, legal representatives and assigns (collectively, the "Releasors"), hereby releases and forever discharges the Police Officer Eric J. Dollhausen, Police Officer Dominick P. Orefice, the County of Nassau, and its officers, employees and assigns (collectively, the "Releasees"), of and from all manner of actions, proceedings, causes of action, suits, debts, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, fines, judgments, claims, liabilities and demands whatsoever, arising out plaintiff's arrest on July 18, 2007 and all other allegations asserted in the Complaint, whether arising at law or in equity or arising out of any federal, state or city constitution, statute, ordinance, by-law or regulations and all claims for attorney's fees, costs, disbursements or the like, which the Releasors ever had, now or may have, for, or by reason of any matter, cause, event or thing whatsoever, arising out of the acts and occurrences asserted in the Action, from the beginning of the world up to and including the date he executes this Settlement Agreement and Release, except as to enforcement of the Settlement Agreement and Release.

    5.    Other than this Action, Plaintiff represents that he has not commenced, maintained, prosecuted or participated in any action, charge, complaint or proceeding of any kind against Police Officer Eric J. Dollhausen, Police Officer Dominick P. Orefice,

2

the County of Nassau, or its officers, employees or officials, on its own behalf and/or on behalf of any other person or entity and/or on behalf or as a member of any alleged class of persons or entities, that currently is pending in any court, or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for the County to enter into this Settlement Agreement and Release.

6. Plaintiff acknowledges that he has carefully read this Settlement Agreement and Release in its entirety, including the Exhibit; understands the terms of this Settlement Agreement and Release; voluntarily assents to all terms, conditions, and obligations contained herein; is signing this Settlement Agreement and Release voluntarily and of his own free will; and has neither solicited nor received any legal or tax advice from the County or the County's attorneys.

7. Plaintiff acknowledges that there is no impediment to his ability to read and understand all of the terms and provisions of this Settlement Agreement and Release and that his ability has not been impaired by any substance or condition.

8. It is understood and agreed that this Settlement Agreement and Release is entered into pursuant to a settlement which is the compromise of any disputed claims which the parties may have; that any actions taken or payments made under this Settlement Agreement and Release are made solely to avoid any further expense; that this Settlement Agreement and Release and the actions taken pursuant hereto are not to be construed as constituting any determination of the merits of any claims in this dispute and are not to be construed as constituting any admission of liability on the part of Police Officer Eric J. Dollhausen, Police Officer Dominick P. Orefice, the County of Nassau or its employees; and that Police Officer Eric J. Dollhausen, Police Officer Dominick P.

Orefice, the County of Nassau expressly deny any such liability. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement and Release shall not bind or collaterally estop Police Officer Eric J. Dollhausen, Police Officer Dominick P. Orefice, the County of Nassau in pending or future actions or proceedings, in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

9. This Settlement Agreement and Release constitutes the entire agreement among the parties hereto pertaining to the subject matter hereof and supersedes and embodies, merges and integrates all prior and current agreements and understanding of the parties hereto with respect to the subject matter of this Settlement Agreement and Release, and may not be clarified, modified , changed or amended except in writing.

10. Plaintiff expressly agrees to waive the provisions of New York Civil Practice Law and Rules Article 50 and any other State or Federal rule, regulation or statute related to speedy payment of settlement funds. Plaintiff understands that counsel for Defendants has represented that the County of Nassau will make diligent efforts to ensure that plaintiff receives the Payment without undue delay.

11. <u>CONFIDENTIALITY.</u> Plaintiff and Defendants agree to keep this Settlement Agreement and Release strictly confidential and not to disclose the terms of the settlement including, but not limited to, the amount paid under the terms of this Settlement Agreement and Release, except as required by law, or in connection with any steps taken to effectuate compliance with or enforcement of this Settlement Agreement and Release. The parties shall, however, be permitted, if necessary, to disclose the terms of this Settlement Agreement and Release to legal or tax advisors or tax authorities and/or

4

if required pursuant to Court order, subpoena or administrative proceeding. Such disclosure shall not be a breach of the obligations of this Settlement Agreement and Release.

12. The parties each waive, to the fullest extent permitted by law and equity, their right to a jury trial in any action between the parties arising out of this Settlement Agreement and Release, and agree that any such trial shall be in the Supreme Court of the State of New York for the County of Nassau. This Settlement Agreement and Release shall be governed by the substantive law of the State of New York, without giving effect to principles of conflict of laws.

13. This Settlement Agreement and Release may be executed in more than one counterpart, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

                                                _____
                                                RONALD A. NIMKOFF
                                                Dated: _____, 2011


                                                JOHN CIAMPOLI
                                                Nassau County Attorney

By: _____
      Ralph J. Reissman, Esq.
      Deputy County Attorney
      Attorneys for Defendants
      One West Street
      Mineola, New York 11501
      Dated: _____, 2011

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RONALD A. NIMKOFF,

            Plaintiff,

                  CV-08-2856 (ADS)(WDW)

     -against-               STIPULATION AND ORDER
                                              OF DISMISSAL

ERIC J. DOLLHAUSEN, DOMENICK P. OREFICE,
AND COUNTY OF NASSAU, NEW YORK,

            Defendants.
------------------------------------------------------------------x

       IT IS HEREBY STIPULATED, CONSENTED AND AGREED, by and between the undersigned, counsel for the parties in the within action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, that the above-entitled action is dismissed with prejudice, and without costs or attorneys fees to either party as against the other.

Dated: _____, 2011

| | |
|---|---|
| **NIMKOFF ROSENFELD**<br>  **& SCHECHTER, LLP** | **JOHN CIAMPOLI**<br>Nassau County Attorney |
| By: Ronald A. Nimkoff, Esq.<br>Attorneys for Plaintiff<br>One Pennsylvania Plaza.<br>Suite 2424<br>New York, New York 10119 | By: Ralph J. Reissman, Esq.<br>Attorneys for Defendants<br>One West Street<br>Mineola, New York 11501 |

**SO ORDERED:**

_____
Hon. Arthur D. Spatt, U.S.D.J.